Good morning, Your Honors. Marilyn Bednarski on behalf of the appellant, Timothy Bonington. Our first argument is an important one. It affects a lot of people that face narcotics cases under our mandatory minimum scheme in the federal law under 841 and 851 of Title 21. I'm sorry to interrupt so early, but it is federal law here that determines. Of course, it's California law that we're interpreting under the federal statute. It is. It's federal law. And I think probably the reason why I misspoke is because I only practice here. And so, of course, it's federal law. And we're talking about the effect of Mr. Bonington's prior, which was a California prior in his federal sentencing. It's our argument that the Harris position, or the position that was taken in Harris, the Supreme Court case, was effectively overruled by the last four years of Supreme Court law. Well, Counsel, I have a question. Under what authority is the Court of Appeals permitted to say that Booker overruled Harris? Booker did not say that it overruled Harris. Well, I have several reasons why I think the Court can do that. And I would ask this Court to find that there's a substantial justification for finding differently than Harris and Supreme Court jurisprudence. And there's several reasons for that. One is that the Harris reasoning has really effectively been eroded. Another reason is the trend of Supreme Court cases leads to a conclusion that there's a different test really now. There's really a fact-impact test. In other words, the Harris distinction, which said, well, since the fact to be found by the judge doesn't affect the statutory, only affects the statutory, a minimum instead of a maximum, it doesn't apply. But now we have a fact-impact test, which really talks about what's the effect of the fact upon punishment. Is the fact in question essential to punishment? And under that test, I can't think of a fact more essential to punishment than one that raises a mandatory minimum. Even more so than the Booker-Blakely issues involving whether guidelines are mandatory, because under that analysis, there are departures, so a court has discretion. But in a situation like this, where the mandatory minimum is doubled essentially, taking away discretion from the court, it's hard for me to imagine a fact has more impact on punishment. Where does Almendaris fit into your analysis? Well, if you trace the line of cases really from Almendaris in 98 through 2005 with Booker, it seems like another issue which supports me is that the majority that was there, that barely found a prior conviction exception to the right to a jury to make these determinations, has been eroded away by not only people leaving the Supreme Court, but also Thomas clearly saying he decided that wrongly. So I think now... But it's only one vote out of nine. Except two of the majority from Almendaris are gone. I think O'Connor and who else, another one. But I think, Rehnquist, right, thank you. I think that if the case were up there now, and there's so many, it's surprising to me that it hasn't gone up yet, because it is an issue that affects a lot of people, but I suppose it's because they just have so much to deal with. You may have a very persuasive analysis of the intellectual elements of all of this, but we have Ninth Circuit cases that say that Almendaris is still good law, and we can't anticipate the Supreme Court's going to act until it acts. Aren't we bound by that? Well, if some scholars on this subject, such as, I think it was Kaminar, a movement in which he wrote the article about the trend in cases, and looking at the trend, were to be heard loudly, it would be that the courts can, with substantial justification, see where things are going, and perhaps take the bold move of making that step. I think it'll go up to the Supreme Court, from one side or the other. The Supreme Court has told us, though, we're not supposed to read tea leaves. They're the Well, I think ultimately the law is that they overrule their own precedent. But I think there is some The Supreme Court may overrule its own precedent, but we can't overrule our precedent. We could go en banc, perhaps, but this panel certainly couldn't do that. Well, if you do believe that you're bound, and that you can't accept my first argument, then I would ask you to find that even if the prior conviction exception is still valid under the precedent that you believe you have to apply, that under Shepard, the facts of our case don't support the application here. Here, and Shepard held that you have to have a conclusive prior conviction record to fit within that narrow exception of the prior conviction exception. Here, the facts were proven largely upon hearsay documents, a court minute order, a court docket, which in the case of Gutierrez-Ramirez, the Fifth Circuit recognized as unreliable and noted the problems in California with the unreliability of records. Normally clerks fill out minute orders, clerks fill out dockets. They're clearly hearsay. What you have is a complaint which states a felony. 11377 is what they call a wobbler under state law. It can be a misdemeanor or a felony. Someone can plead to a felony by plea agreement or agreement with the government, plead down under a misdemeanor. Here I would submit that we don't have a conclusive record because we don't have an abstract of a judge. We don't have a transcript of a judge stating it's a felony. So it falls within an area where I would say the Shepard case helps me because it's not a conclusive judicial record. We do have a complaint, but beyond that, the documents are hearsay. Counsel, as I read this, the only doubt about his conviction was the effect that it was set aside. Then I turn to California Penal Code 1203.4, which provides explicitly that a set-aside conviction is effective as a prior conviction in the subsequent prosecution. The commission need not be proven beyond a reasonable doubt under Apprendi. What is your response to that? Well, our position is that the prior has to be proven under Apprendi, and I understand that the court may have a different view of that. Well, our circuit has a different view of that. With respect to the prove-up of the 1203.4, I was the lawyer in the district court below. We objected both to the fact-finding as well as to the determination that it was a final conviction for the purposes of 851. So we made the – we put the government to its test both factually as well as legally. The – was that the court's question? Well – In other words, we didn't waive a question of whether it factually was sufficient proof. We preserved that. But nonetheless, if this is a set-aside, and under California it's the same as a prior and if we're applying Harris, it – the sentencing factor that we don't require finding by a jury. Well, I had two arguments with respect to the 1203.4. One is that they didn't meet the test under Shepard to have proven factually up the prior. My other argument is that it was a final conviction for the purposes of 851. That was the second argument in the brief. And essentially what we argued is since the state court took further action and in fact reduced it to a misdemeanor, that it wasn't a final conviction for the purposes of 851. Doesn't our – doesn't our Hayden case make that pretty clear? Well, the reason why I saw Hayden as different is Hayden doesn't – isn't an 851 case. Hayden was a criminal history calculation case. Similar to the other case that was cited, which was an administrative case having to do with whether it could be used in a deportation case, there has been no Ninth Circuit case dealing with the use of a prior that had been reduced under 1203.4 to a misdemeanor in the context of an 851. And that's the distinction to Hayden. Lastly on the argument, I just wanted to note quickly on the Eighth Amendment argument that the government got the facts wrong as to Mr. Bonington. I articulated those in my reply brief. He was not a lifelong methamphetamine trafficker and his criminal history was not escalating. Those facts were just wrong. And I think they minimized and ignored aggravating facts in the list of cases they did cite. Thank you, counsel. Your time has expired. Ms. Wilkinson for the government. Yes, Your Honor. May it please the Court, Tracy Wilkinson on behalf of the United States. As the Supreme Court precedent has told us, the Sixth Amendment only requires that a judge find that the defendant sustained a prior controlled substance felony conviction to impose the increased mandatory minimum sentence. While counsel for defendant has raised questions about the continuing viability of the Supreme Court precedent that makes this clear respectfully, as Your Honors have pointed out, that precedent remains binding on this Court. With respect to the second issue that the defendant raised, the plain language, as Your Honor pointed out, of California Penal Code Section 1203.4 and the case law makes clear that the defendant's conviction was not expunged and was not reduced to a misdemeanor for all other crime and was properly used to enhance the sentence. And finally, as this Court has repeatedly held, applying the enhanced mandatory minimum of 10 years imprisonment pursuant to Section 851 does not violate the Eighth Amendment and did not do so in this case. With that, I would submit to the Court's questions. Thank you, counsel. The case just argued will be submitted for decision, and we will hear argument in United States v. Gonzalez.
judges: Dw Nelson, O'scannlain, Jones